25-168. Council, when you approach the podium, there's only you, so we've got time, take a second to adjust the podium height, adjust the microphones, make sure that you're comfortable and we can hear you. Thank you. All right, we're going to start with Mr. Nicholas, and I see that you've reserved two minutes for rebuttal. Yes, Your Honor. All right, you may begin whenever you're ready. Thank you all, and good morning. May it please the court, my name is Max Nicholas. I was appointed through the Criminal Justice Act to represent Mr. Morales-Plumei at the district court level, and that appointment is continuing here. And what I'd like to do, I think my argument today should be pretty simple. There's one aspect of the brief that we put in that I want to focus the court on. And I want to emphasize at the start that, as the court knows, this is, as Your Honors know, this is a procedural reasonableness appeal. And the appeal that I'm making is a very specific one. It's that the district court did not, did not articulate a legally sufficient reason for, for the way in which that court integrated or did not integrate a consideration of the guidelines range, the 4-10 month, the 4-10 month guidelines range. Does it matter that, especially with supervised release revocation, we're in, even though we're all nonbinding, we're in policy statements? I think it does. I think it does matter, Your Honor, because I think what, what the, what the district court, and I, having practiced before that court a lot, there's probably few people who have more respect for that court than I do. I want to make that very clear. I think the way that court talked about this guidelines range was, was pretty extreme and, and in this context is reversible. So what the court said is, the court addressed the guidelines range toward the beginning of the sentencing and called it, and this is a quote, garbage, and said that it, it had, and, and this I think is important, he said it had nothing to do with, I'm paraphrasing but it was words like that, it had nothing to do with the conduct that he was adjudicating on the violation. And I think that was procedurally wrong because I think what the court, I think if the court, I think what the court was doing was, was disagreeing with the weight that a, that the state puts on this conduct. The, the, the violation guidelines range is tethered to the class of offense that, that the state court system puts on conduct. So here, the offense was domestic violence. It's terrible conduct. There's, there's no defending it. The state had, had put a weight on it that was such that the guidelines range was four to ten months. If the, procedurally, I believe, if the court, if the court had wanted to impose a sentence that was higher than that guidelines range, I think the court would have had to, would have had to state that the court disagreed. The court thinks that... What do you make of the fact that the court emphasized the number of times, no, not just that this was done, but that your client did this many, many times. And that was what the court seemed to me to be focusing on. Now, is that procedurally wrong? Your Honor, I think, I believe that that would, if I were making an appeal on the substantive reasonableness of the sentence, then I believe the court could say the facts and circumstances are, here are such that substantively it was reasonable because it had happened before. I mean, the, the point that Your Honor, that Your Honor is making also goes to, I do have on the papers that I, I believe in, in going through the transcript that the court did take some matters into account that I think had not been established in the factual record, including what had happened in the past. But I, but I think, I think what I believe the strongest point on appeal is, is that the, the, the court said that the guidelines had nothing to do with the conduct. And I think that's... Isn't it true, as the district court said, that that guideline would apply in exactly the same, in exactly the same recommendation if there was only one relatively mild instance of abuse. Is that wrong? It's not wrong, Your Honor. So the district court instead was, so the guideline makes no, takes no account of whether in fact there were multiple instances of abuse and that some of them were quite dramatic, right? Very serious conduct, conduct that to me is, is not only a question of how, how the impact on the victim, it's that the incident where, which I think is the principal incident that we were talking about, is one where on a public street your client attacked the victim in the presence of several other people, which suggests to me a total lack of self-control. And it's not just that he's bad, it's that he's willing to engage in conduct where it's almost certain that there are going to be ramifications while he is on supervised release. If I were assessing the case, that would say a lot to me about whether supervised release is working and what else needs to be done. Is that, is that crazy? Your Honor, I don't think anything, any of that is crazy. Well, then isn't that basically what the district court judge did? Your Honor, I think if this, if I was simply, if I was appealing the substantive reasonableness of the sentence. Well, even as procedural reasonableness, the procedural error I think you're suggesting is not giving sufficient weight to the guideline. I would argue, Your Honor, that it's, it's, it's, it's explicitly not giving any weight to the guideline. When, when, by, by, a guideline that's. Well, I mean, what, what, you know, if the guideline is not saying anything relevant to what is the principal concern of the judge in imposing sentence, why, why isn't zero the right amount of weight to give it? Well, what would the weight, how would you even give, what weight would you give it? And you'd say, well, the judge should have said, it's, the guideline is 4 to 10 months, so I'm explicitly starting from there, and then I'm adding 2 months for this, and 9 months for that, and 3 months for the other thing. We don't require judges to do that, do we? We don't, you, the court does not, Your Honor, and I agree that that would be, that would be a, a, a sterile academic. Okay, so what is it exactly that the judge did wrong in saying, I don't know, I don't I look at this guideline and I don't see any reason to give it any weight at all. Why, why isn't the judge, the judge entitled to disagree with the way the guideline is structured, right? He absolutely is, Your Honor, but I, I don't think what he, he, what he meant may have been, and probably indeed was, I look at what the court just said, what, what Your Honor just said, I look at this guideline and I don't give it any weight at all. But I think what, what Judge Engelmeyer said was this guideline, this has nothing to do with the conduct at issue, and I think that was incorrect. I, I, it may, it may be that he believed it should be of, it should substantively be of no weight, but I don't think procedurally it was right to say this guideline is coming completely out of left field. Yes, but are you objecting to anything more than some rhetoric that really does not have anything to do with the procedural substance of what he did? You know, judges talk all the time. Much of what I say is nonsense, but it doesn't really affect what I do. Your Honor, Judge Calabresi, your point is, is, is certainly well taken. Thank you. And it was not nonsense. However, I would, what I would say is I don't think when Judge Engelmeyer was making these remarks that they were, I guess the analogous word would be dicta. I think he was, he was, he was, he was explaining why he imposed the sentence that he imposed, but in doing so, he, he did not take the step, let me, let me rephrase. I think what the, what Judge Engelmeyer said amounted to this four-to-ten-month range, and I think he said this explicitly, has nothing to do with the conduct here. What I think procedurally he ought to have, the Court ought to have done is to say the guidelines range is four-to-ten months. That is the weight, that, that is the range that, that, that, that the way these supervisory lease violations work, the way they are tethered to State law violations, that's the way, that, that is the range that is dictated by State law. I, Judge Engelmeyer, give, believe that this isn't entitled to wait. He could do, he could do two different things, I suppose. He could say, I don't like the way this tethers it to State law, or he could say, I don't like the fact that the guideline itself does not make some particular, take account of the number of incidents that are at stake or the severity of those incidents. Would either of these, would, would either of those have been different than what he did, and would either of them be improper? Your Honor, I, I do think they would be different, and, and, and the reason I raise this as a, one reason I believe this is a procedural appeal is I think it is important, you know, there's obviously a, a parsimony principle as a broad matter in criminal sentencings. I think when a, when a guidelines range is, when a Court is going to exceed a guidelines range in imposing sentence, whether, whether it's in a, an underlying Federal case or a, or a violation of supervised release, I, I think procedurally in this case and maybe four other cases, it is important to analytically to have the record of, here is the guideline, here, if, if I'm going to, if the Court is going to go above the guideline, an acknowledgement of where the guide, where the guideline comes from. It, it doesn't come from nowhere. So I actually, I actually think Judge Lynch, the, the way you just start, the, the two, the two thoughts that you just articulated, I do think are different. I'm not telling this Court that I have a reason, I don't have a reason to stand here and say I think Judge Engelmeyer would have arrived. I, I don't know what sentence he would have arrived at. I'm not, I'm not, I'm not, I'm not, I'm not, I'm not asking, I'm not asking about the substance or how the effect was on the, I'm just asking why is, is it not the law that the judge is entitled to disagree with the substance of the guideline, that the judge is not required to say, I give great weight and respect to what the Sentencing Commission has said? Isn't the judge entitled to say, look what they said, I think it's crazy, I'm not going to pay any attention to it? Isn't it the law that the judge can do that? It absolutely is. And, and, and I'm not suggesting otherwise. I'm just suggesting that I, I think what, what Judge Engelmeyer said was a little bit different from that. I think he, it, it, his remarks were to the effect that this guideline comes out of the blue. Well, but, but let me ask you about that because I'm looking at the transcript. Right. So he says, first, this is unusual in terms of the quantity and the quality of the violations. Second, the guidelines are not offering useful guidance and he said that because, he specifically says because of the number of violations and the, and the nature not being adequately accounted for. And then he says, quote, and so although I've considered the guideline sentence here, it merits very little weight in my overall assessment. I think that's what you told us a few minutes ago is what would be okay. He, I. And then he also said, when he described why he was not going to, to follow the recommendation in the policy statement, he also said these are garbage, they offer no, I couldn't find the word garbage, but they could, these offer me no useful guidance. My memory could be wrong. I think he did, but I have a, it's in my brain that he said garbage. It might not be, it could be the OCR of my, but, but yeah, so I, I understand that he also said some things that, that characterize the guidelines, but at the end of the day, he then walked through, I think exactly what you're telling us, and I agree, he should do when he's going to go outside the guidelines. I think what he, you understood, Your Honor, I, I think what he did not do was, I don't think it was accounted for in the, in the explanation of reasons that these guidelines are, do not come out of thin air. They come from the, the way that the State regime interacts with the, with the Federal regime, and he could completely. Well, yes and no, but also technically on supervised release. What the judge is finding is not what statute was charged in State court. The district court, the Federal judge is assessing on a preponderance of the evidence standard whether the conduct committed by the defendant constitutes a certain kind of crime, right? So the fact that he was charged with a misdemeanor in State court, I mean, in theory, Judge Engelmeyer could have had a hearing and said, I find that the conduct actually amounts to a crime of violence punishable by more than a year, and this is a grade A violation, right? So I hear you on this thing about the classification, but I'm not sure why that's so relevant when the evaluation by the district court is not actually what, what was he convicted or charged of. It's, it's what does the conduct constitute, right? Understood, Your Honor. Although this conduct, some of it, you could, you could assess it under like most charging decisions, right? It could be charged anywhere from a, a grade D felony to a grade C misdemeanor probably, right? Somewhere on that spectrum. Your Honor, I think that's right. Although I would only say in response that in, in this instance, because it did resolve, you know, there's a, there's a reason why there are, there are reasons why it'd be resolved prior to having a hearing and the government did. No, no, I get it. But, but again, the district court would, would be entitled for better or worse, and there's a lot of worse in it, to make a preponderance finding that the conduct actually satisfied a much higher standard. So I guess I'm just encouraging you to not anchor in this idea of the state, the state charging decision or the state classification being the key. I understand, Your Honor. All right. All right. Thank you. We have, you've reserved two minutes for rebuttal. We'll hear, we'll hear from you again, Ms. Guthrie. Thank you, Your Honor. May it please the court, D'Ara Guthrie for the United States. I represent the government both on this appeal and in the district court proceedings below. At the outset, I would like to thank the court and defense counsel for the flexibility in rescheduling oral argument in this case. This court should affirm the judgment of revocation because the district court did not plainly err in imposing its 24-month sentence. On the defendant, as it, as is clear from the record, the district court reasonably considered the guidelines and had a principled and reasonable basis to conclude that they merit little weight in this particular case. The district court explained why that exactly was due to, in this case, the serious nature of the violations at issue, as well as the, the, the, the number of the various separate violations. The district court's reasoning and weight accorded to the guidelines range, as well as the district court's extensive reasoning as to all other aspects of its consideration before imposing its sentence, clearly indicate that there was no plain error here. For those reasons, unless the court has any questions, the government will rest on its submission. All right. Thank you. And Mr. Nicholas, do you have the rebuttal time? Just extreme, thank you, Your Honor, just extremely briefly, just to make sure that the, this court knows that it didn't come out of the recesses of my mind, I think it said in the appellant's appendix, page 60, where the district court used the phrase are basically garbage. And I double-checked that it was, it was a problem that I couldn't search for any words, so it wasn't, it was not me. My integrity is important to me. Yes. With that, Your Honors, I thank you again for considering our arguments today. All right. And thank you, counsel. And let me say that even if our questions are difficult, it's not a reflection that these cases, these appeals shouldn't be brought or that you haven't done a good job. So thank you both, well argued, and we appreciate it. So thank you for this bespoke hearing. And if there's nothing further, we'll ask the clerk to adjourn.